UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| VINCENT GARNER, | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | Nos. 4:03-cr-8 / 4:04-cv-67 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     *Respondent*. | ) | |

**MEMORANDUM AND ORDER**

Federal prisoner Vincent Garner ("Garner") moves for post-conviction relief pursuant to 28 U.S.C. § 2255 claiming violations of his Sixth Amendment right to effective assistance of counsel and his Fifth Amendment right to due process protected under the United States Constitution. Garner contends that his judgment of conviction and sentence should be vacated, set aside, or corrected for two reasons: (1) there was an error in calculating his sentence under the United States Sentencing Guidelines ("U.S.S.G.") with regard to the quantity of marijuana; and (2) his counsel did not file a direct appeal after being instructed to do so. Garner wants to be resentenced and to have a new or amended judgment of conviction entered so that he may now take an "out of time" appeal. He requests an evidentiary hearing.

The United States opposes the motion. After reviewing the record, the Court concludes that Garner's *pro se* § 2255 motion is without merit and it will be **DENIED**. The record conclusively shows that Garner is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

-1-

## I. Garner's Motion to Strike Government's Second Response [Doc. No. 7]

On January 19, 2005, the government filed a second, supplemental response to the § 2255 motion [Doc. No. 6] and Garner moves to strike it from the record. The Court finds that Garner has not established a valid reason to strike it. There is nothing improper about the government submitting a second, supplemental response. Garner has been afforded due process and an opportunity to reply. In conjunction with his motion to strike, Garner makes his reply and explains the basis for his objections. Garner has presented his arguments in opposition to the government's second, supplemental response. Accordingly, Garner's motion to strike [Doc. No. 7] is **DENIED**.

## II. Standard of Review

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255 based on an alleged constitutional error, Garner bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999).

## III. Facts

The Court finds that Garner has not met this burden. Garner has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings.

The facts leading up to Garner's arrest and indictment are summarized in the plea agreement signed by Garner. In the plea agreement, Garner admitted that the following facts are true. United States DEA Agent David Shelton ("Shelton") and other law enforcement officers received information that Garner was selling and distributing marijuana. In January 2003, John Dykes ("Dykes") and Thomas Steve Meeks ("Meeks") were arrested when they arrived at a pre-arranged drug transaction to deliver marijuana. Dykes possessed seven pounds of marijuana. Dykes and Meeks decided to cooperate, and Dykes named Garner as his source for the marijuana. Meeks was wired and met with Garner. During their meeting, Meeks paid $6,475 to Garner for the seven pounds of marijuana that had earlier been seized from Meeks and Dykes.

Based on this information, Shelton obtained a federal search warrant for Garner's residence in Grundy County, Tennessee. Prior to going to Garner's house, Shelton and other law enforcement officers approached Garner at his place of business. Garner gave Shelton consent to search his business. During the search of the business premises, two firearms loaded with ammunition were seized. Garner then gave Shelton consent to search his automobile which was parked close to where a firearm had been found. Inside Garner's automobile, officers found two pounds of marijuana and $21,098 in cash. After searching Garner's place of business and automobile, Shelton executed the search warrant at Garner's residence. There the officers found 172 pounds of marijuana along with a drug ledger identifying other participants in the marijuana distribution scheme.

Located on a coffee table inside Garner's residence was a handwritten note containing several numbers. The principal numbers were "222 = 172050." The DEA and the

United States Attorney interpreted the note as meaning that Garner had purchased 222 pounds of marijuana for $172,050 or $775 per pound, and Garner later sold the same marijuana for $925 per pound.[1]

On February 25, 2003, the federal grand jury returned a five-count indictment against Garner. Count One charged Garner with conspiracy to violate 21 U.S.C. § 841(a)(1), conspiracy to distribute in excess of fifty kilograms of marijuana, all in violation of 21 U.S.C. § 846. Count Two charged that Garner distributed marijuana in violation of 21 U.S.C. § 841(a)(1). Count Three charged that Garner violated 21 U.S.C. § 841(a)(1) by possessing with the intent to distribute marijuana. Count Four charged that Garner violated 18 U.S.C. § 922(g) by being a convicted felon in possession of two firearms. Count Five charged that Garner possessed with the intent to distribute in excess of fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) .

On May 5, 2003, Garner executed a plea agreement and agreed to plead guilty to Count One. The plea agreement was very favorable to Garner and yielded substantial benefits to him. In return for his guilty plea, Counts Two through Five were dismissed.

The plea agreement signed by Garner explicitly stated that he was pleading guilty to Count One, conspiracy to distribute in excess of fifty kilograms of marijuana in violation of 21 U.S.C. § 846. The fact that the amount of marijuana was in excess of fifty kilograms was made crystal clear to Garner. By executing the plea agreement, Garner knowingly and

---

[1] The facts concerning the handwritten note are summarized in paragraph 13 of the presentence investigation report. A copy of the note is attached as Exhibit A to the sentencing memorandum filed on August 4, 2003 by Garner's counsel.

-4-

voluntarily agreed and admitted that the amount of marijuana was in excess of fifty kilograms. The plea agreement also stated that Garner agreed he was liable for a two point increase under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the drug trafficking conspiracy.

Garner appeared in person before this Court and entered a knowing, voluntary plea of guilty to Count One. Garner admitted that the amount of marijuana was in excess of fifty kilograms. The Court accepted the plea agreement.

The United States Probation Office prepared a presentence investigation report ("PSR"). To calculate the amount of marijuana attributable to Garner under the federal sentencing guidelines, the PSR used and relied on the handwritten note seized during the search of Garner's residence. The PSR stated that Garner had bought 222 pounds of marijuana for approximately $775 per pound for a total of $172,050, and 222 pounds of marijuana is equivalent to 100.7 kilograms. The PSR calculated that Garner's base offense level was 26 under U.S.S.G. § 2D1.1 for an offense involving the distribution of at 100.7 kilograms of marijuana. In accordance with the plea agreement, two offense levels were added pursuant to U.S.S.G. § 2D1.1(b)(1) because Garner possessed a firearm in connection with the drug trafficking conspiracy. Garner received a three-level decrease under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. His total offense level in the PSR was 25. With a criminal history category of III, his guideline range for imprisonment in the PSR was 70 to 87 months.

The record shows that Garner received sound, reasonable legal advice and zealous representation from his attorneys, William H. Ortwein and Leslie Cory. Prior to the sentencing

hearing on August 11, 2003, Garner's attorneys reviewed and discussed the PSR with Garner. Counsel for Garner made five objections to the PSR. However, we are only concerned here with the first and fourth objections.

The first objection concerned the amount of marijuana. Garner's counsel objected to the PSR attributing 100.7 kilograms of marijuana to Garner and the resulting offense level of 26 under U.S.S.G. § 2D1.1. Garner's counsel argued that the correct quantity of marijuana was less than 100 kilograms which would result in the offense level being lowered to 24 under U.S.S.G. § 2D1.1. Specifically, Garner's counsel asserted that the Court should only use the amounts of marijuana actually seized (179 pounds of marijuana) rather than a speculative estimate of 100.7 kilograms of marijuana based on the government's interpretation of the numbers on the handwritten note seized during the search of Garner's residence. It was argued by Garner and his counsel that a more reliable amount is 81.2 kilograms of marijuana (179 pounds of marijuana seized multiplied by 0.4536 kg in the measurement conversion table in U.S.S.G. § 2D1.1 equals 81.2 kilograms). In the alternative, defense counsel argued that if the Court found that the $20,375 seized from Garner's automobile represented drug proceeds, then the Court could reasonably calculate that the total amount of the marijuana involved was approximately 91 kilograms. This is discussed in more detail in the sentencing memorandum of law filed by Garner's attorneys on August 4, 2003. The bottom line is Garner's counsel argued that the use of either 81.2 kilograms or 91 kilograms resulted in a base offense level of 24 under U.S.S.G. § 2D1.1.

The fourth objection made on Garner's behalf concerned the total offense level of 25 in the PSR. Garner's counsel argued that the total offense level under the Sentencing Guidelines should be only 23 rather than 25 based on the following calculation: base offense level of 24 for less than 100 kilograms of marijuana, plus increase of two offense level pursuant to U.S.S.G. § 2D1.1(b)(1) due to Garner's possession of firearms, less three levels under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, equals a total offense level of 23.

Garner's counsel succeeded in obtaining a favorable ruling from the Court and prevailed on both of these objections. The Court agreed with the objections and the arguments presented by Garner's counsel concerning the amount of marijuana. The Court calculated Garner's sentence based on less than 100 kilograms of marijuana and a total offense level of 23 as requested by Garner's counsel. On August 11, 2003, the Court held the sentencing hearing and Garner appeared in person with his attorneys. The Court reduced Garner's total offense level to 23 which resulted in a guideline range of 57 to 71 months. On August 15 2003, the Court entered the judgment of conviction and sentenced Garner to a term of imprisonment for 71 months. Garner did not file a direct appeal from the judgment of conviction and sentence.

**IV.    Garner's § 2255 Claims**

Garner contends that he was deprived of the right to due process of law and the right to effective assistance of counsel guaranteed by the Fifth and Sixth Amendments to the United States Constitution. In his § 2255 motion, Garner makes a single claim that a direct appeal was not filed by his counsel. Garner alleges that he instructed his counsel on August 11, 2003, the date of the sentencing hearing, to file a direct appeal from his judgment of conviction

based on a purported sentencing error but counsel did not file the appeal. The gist of Garner's claim is that the failure to file a direct appeal deprived him of the benefit of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Garner takes the position that the government should have been required at the sentencing hearing to prove the amount of marijuana beyond a reasonable doubt instead of the District Court deciding the issue by a preponderance of the evidence.

The Supreme Court rendered its decision in *Blakely* on June 24, 2004, which was more than ten months after this District Court entered the judgment of conviction and sentence against Garner on August 15, 2003. However, Garner argues that when he was sentenced on August 11, 2003, *Apprendi* was available and *Blakely* was "in the pipeline" (i.e. being litigated in the federal courts) so his counsel was ineffective for not filing a direct appeal to obtain the benefit of *Apprendi* and ultimately *Blakely*. Garner states that after he learned of *Blakely* in about June 2004, Garner contacted his counsel, William H. Ortwein, to request an "addendum" to his appeal based on *Blakely* but Garner then learned that an appeal had never been filed.

The § 2255 motion itself focuses solely upon the claim that his counsel was ineffective for not filing a direct appeal. But in support of his § 2255 motion, Garner submits a memorandum of law wherein he seeks to raise an additional, related claim. In his supporting memorandum of law, Garner asserts that his counsel was also ineffective at the time of sentencing in the District Court for not "putting his case to a fair adversarial testing." Garner contends that during the sentencing phase, his counsel was content to allow the government to prevail without any challenge. Garner states: "Because counsel failed to prepare mitigating

evidence, counsel was prepared at sentencing to do little more than sit on his hands while the government, through the pre-sentence report, advanced erroneous statements that persuaded the court to select a sentence based on facts found by a preponderance of the evidence, instead of the correct standard of beyond a reasonable doubt." This is an attempt by Garner to further rely on *Apprendi* and *Blakely* by contending that his counsel was ineffective for not advocating during sentencing that the amount of marijuana attributable to Garner must be proved by the government beyond a reasonable doubt.

The Court could disregard and decline to consider this latter ineffective assistance of counsel claim because Garner failed to plead it in his § 2255 motion. He merely raises it in his supporting memorandum of law. However, the Court recognizes that Garner is proceeding *pro se* and he is entitled to a reasonable degree of latitude in presenting his § 2255 motion. In the interests of justice and to achieve a comprehensive adjudication of this entire § 2255 proceeding, the Court liberally construes the record and Garner's § 2255 motion as including and encompassing the latter claim of ineffective assistance of counsel concerning proof of the amount of marijuana during the sentencing hearing.

**V.     Analysis**

The Court concludes that both of Garner's claims under brought under 28 U.S.C. § 2255 lack merit and must be dismissed for the following reasons.

**A.     Ineffective Assistance of Counsel:  *Strickland* Test**

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the right to assistance of counsel for his defense.

Ineffective assistance of counsel in violation of the Sixth Amendment occurs when an attorney's deficient performance prejudices the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000).

In *Strickland*, the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. First, Garner must demonstrate that his counsel's performance was deficient, i.e. fell below an objective standard of reasonableness. Second, Garner must also establish that the deficient performance actually prejudiced his defense by depriving him of a fair proceeding. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith*, 348 F.3d at 199; *Mason v. Mitchell*, 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs*, 235 F.3d at 267.

In determining whether an attorney's conduct was deficient under the first prong of the *Strickland* test, Garner is required to demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline*, 319 F.3d at 819. This Court's scrutiny of the reasonableness of counsel's performance is highly deferential. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound legal strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837;

-10-

*Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004); *Mason*, 320 F.3d at 616-17; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by an attorney after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed by the attorney on the investigation. Defense counsel has a duty to make an objectively reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Garner to show that his attorney's deficient performance prejudiced his case. The prejudice component focuses on the issue whether counsel's deficient performance renders the result in the criminal case unreliable or renders the criminal proceeding fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Garner 's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993); *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To establish prejudice, Garner must show a reasonable probability that, but for his counsel's errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Garner. A reasonable probability is a probability sufficient

-11-

Case 4:04-cv-00067    Document 12    Filed 09/05/06    Page 11 of 19    PageID #: 30

to undermine confidence in the outcome of the criminal proceeding. *Strickland,* 466 U.S. at 693-94; *Campbell,* 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason*, 320 F.3d at 617; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter v. Bell*, 218 F.3d 581, 591(6th Cir. 2000); *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84.

The Court finds that Garner has not met his burden of showing either prong of the *Stickland* test. Garner has not made a threshold showing that the performance of his counsel was deficient and fell below an objective standard of reasonableness. Moreover, Garner cannot establish that any alleged deficient performance by his counsel caused him to suffer actual prejudice. Garner cannot show a reasonable probability that, but for his counsel's alleged errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Garner.

B. **Sentencing Hearing and Amount of Marijuana**

Garner claims that his counsel was ineffective at the time of sentencing for not putting the case to a "fair adversarial testing." Garner contends that his counsel did nothing and allowed the government during the sentencing hearing to prevail without any challenge. Garner further alleges that his counsel failed to present mitigating evidence, and his counsel allowed the government, through the PSR, to advance erroneous statements that persuaded this Court to calculate the sentence of imprisonment based on an amount of marijuana determined by a preponderance of the evidence instead of beyond a reasonable doubt. In short, Garner seeks to invoke and rely on *Apprendi* and *Blakely* by contending that his attorneys were ineffective for

not advocating during sentencing that the amount of marijuana attributable to Garner must be proved by the government beyond a reasonable doubt.

These arguments by Garner fail. The record clearly shows that Garner's counsel zealously represented Garner at sentencing and counsel put the case to a "fair adversarial testing." Garner overlooks or ignores the fact that his counsel made and prevailed on specific objections to the PSR concerning the amount of marijuana attributable to Garner and the base offense level under U.S.S.G. § 2D1.1. The Court granted the objections and ruled in Garner's favor. The Court reduced the total offense level to 23 which resulted in a guideline range of 57 to 71 months. Garner has no valid ground to complain about this in the instant § 2255 proceeding.

Garner claims that his counsel did not put the government to the test of proving the amount of marijuana beyond a reasonable doubt. This claim is frivolous. It was not necessary for the government prove the amount of marijuana beyond a reasonable doubt for the simple reason that Garner pled guilty, signed a plea agreement, admitted that the amount of marijuana exceeded fifty kilograms, and admitted at sentencing that the correct amount was either 81.2 kilograms or 91 kilograms of marijuana.

Based on the facts and circumstances in the case, it was impossible for Garner's counsel to have achieved a better result at sentencing. Garner does not offer any credible proof in support of his § 2255 motion to establish that there is a genuine issue of material fact in dispute whether the government could have proved beyond a reasonable doubt that the quantity of marijuana was in excess of fifty kilograms. The Court is convinced that the government, if

-13-

Case 4:04-cv-00067 Document 12 Filed 09/05/06 Page 13 of 19 PageID #: 32

put to the test, could have easily proved beyond a reasonable doubt that Garner is directly accountable for a minimum of 81.2 kilograms of marijuana.

Garner admitted in his plea agreement and admitted under oath in Court at the rearraignment on his guilty plea that the conspiracy charged in Count One of the indictment involved in excess of fifty kilograms of marijuana. During the investigation, law enforcement officials seized a total of 179 pounds of marijuana directly attributed to Garner. Seven pounds of marijuana were seized from Dykes and Meeks who purchased it from Garner, two pounds of marijuana were seized from Garner's automobile, and 170 pounds of marijuana were seized from Garner's residence. The government could have readily proved beyond a reasonable doubt that 179 pounds (81.2 kilograms) of marijuana were attributable to Garner. Therefore, Garner cannot show that the performance of his counsel was deficient and that counsel's performance caused Garner to suffer any prejudice.

Although Garner makes a vague, conclusory statement alleging that his counsel failed to present "mitigating evidence," he does not bother to specify and explain what was the purported mitigating evidence. As discussed *supra*, Garner's counsel made good objections to the PSR which were granted by the Court and counsel achieved a substantially lower sentence of imprisonment for Garner.

Garner received the benefit of his plea agreement. In exchange for his guilty plea and his admission that the amount of marijuana exceeded fifty kilograms, the government agreed to dismiss Counts Two through Five of the indictment. By making this § 2255 motion, Garner in effect seeks to renege on and repudiate the terms of his plea agreement. This he cannot do.

Once Garner admitted that he was accountable for at least 81.2 kilograms of marijuana, he cannot challenge the Court's factual findings based on his admission. *United States v. Roper*, 266 F.3d 526, 531 (6th Cir. 2001); *United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir. 2001); *United States v. Pruitt,* 156 F.3d 638, 648 (6th Cir. 1998); *United States v. Nesbitt*, 90 F.3d 164, 168 (6th Cir. 1996). Garner cannot shift the blame for his own admission to his attorneys in an attempt to dredge up a Sixth Amendment ineffective assistance of counsel claim.

Furthermore, *Apprendi* and *Blakely* do not afford any ground for relief to Garner under 28 U.S.C. § 2255. The rule of criminal procedure established in *Apprendi,* and later in *Blakely*, is not implicated and does not apply in Garner's case because he pleaded guilty. Garner admitted and agreed to the quantity of marijuana. Garner's case did not go to trial. As a result of Garner's guilty plea and his admission concerning the quantity of marijuana, there was no need for the government to prove the amount of marijuana beyond a reasonable doubt. Garner admitted to at least 81.2 kilograms of marijuana which is commensurate with his offense level of 24 under U.S.S.G. § 2D1.1 and his sentence of imprisonment. A defendant who admits or stipulates a specific quantity of drugs cannot use *Apprendi* to challenge that the determination was made by a preponderance of the evidence. Consequently, *Apprendi* and its progeny are not applicable here. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Roper*, 266 F.3d at 530-32; *Stafford*, 258 F.3d at 475-76; *United States v. Dowell*, 2001 WL 897445, \*\* 4-5 (6th Cir. July 31, 2001); *United States v. Harper*, 246 F.3d 520, 530-31 (6th Cir. 2001); *Turner v. United States*, 181 F.Supp.2d 700, 710 (E.D. Mich. 2001).

**C.** **Direct Appeal From Judgment of Conviction and Sentence Not Filed**

In his affidavit, Garner alleges that on August 11, 2003, he requested his counsel to file a direct appeal "related to the enhanced sentence received." The Court finds that Garner's statement is not credible, and it defies logic and common sense. There was simply no good reason and no valid basis for Garner to take a direct appeal from the judgment of conviction and sentence. Garner pleaded guilty pursuant to the plea agreement. The objections made by Garner and his counsel to the PSR were accepted and granted by the Court at sentencing. The Court sentenced Garner based on his own admissions concerning the quantity of marijuana and his possession of the firearm.

The Court did not "enhance" Garner's sentence with regard to the quantity of marijuana. The only way in which Garner's sentence was enhanced is that two offense levels were added pursuant to U.S.S.G. §2D1.1(b)(1) because Garner admitted possessing a firearm in connection with the drug-trafficking conspiracy. In the plea agreement signed by Garner, he expressly admitted and agreed that he was liable for an increase of two offense levels under U.S.S.G. §2D1.1(b)(1) based on his possession of a firearm. The enhancement in sentencing based on Garner's firearm possession has nothing to do with calculating the quantity of marijuana and Garner's present arguments based on *Apprendi* and *Blakely*.

In response to Garner's § 2255 motion, the government submits sworn affidavits from Garner's three defense attorneys: William H. Ortwein, Lee Ortwein, and Leslie Cory ("Cory"). [Doc. Nos. 9, 10, 11]. All three attorneys unequivocally state that Garner did not request or instruct them to file a direct appeal.

-16-

Case 4:04-cv-00067 Document 12 Filed 09/05/06 Page 16 of 19 PageID #: 35

Cory is the attorney who had the most contact with Garner after the sentencing hearing. Cory states the following in her affidavit. Immediately after the August 11, 2003, sentencing hearing held by the Court, Cory met with Garner in the lockup or holding cell in the United States Marshall's office to discuss the outcome of the sentencing hearing. Cory advised Garner that Cory did not believe there were any valid grounds for an appeal of the sentence but that Cory would discuss the matter with Garner in greater detail within a few days. On August 18, 2003, Cory went to the jail to meet with Garner where he was in detention prior to being designated to a federal correctional facility. At their August 18, 2003 meeting, Cory asked Garner whether he wanted to appeal the sentence. Garner replied that he would do whatever Cory and William H. Ortwein thought was best. Cory explained to Garner the reasons why Cory did not believe there was any valid ground for appeal. Garner then indicated to Cory that Garner did not want to appeal his sentence.

Based on the facts and circumstances in this criminal proceedings, the Court finds the affidavits of attorneys William H. Ortwein, Lee Ortwein, and Leslie Cory to be completely credible, true, and accurate. The Court finds that after Garner 's sentencing hearing on August 11, 2003, Garner did not timely request or instruct any of his three attorneys to file a direct appeal. There was no basis for an appeal in Garner's case, and the Court finds the affidavits of attorneys William H. Ortwein, Lee Ortwein, and Leslie Cory to be much more credible on the issue of whether Garner actually requested or instructed them to file an appeal. *See Houston v. United States*, 2006 WL 13213, ** 2-3 (E.D. Tenn. Jan. 3, 2006).

If a criminal defendant actually requests or specifically instructs his counsel to file an appeal, and if counsel thereafter fails to file the appeal, it constitutes ineffective assistance of counsel and is a *per se* violation of the defendant's Sixth Amendment right to counsel, regardless of whether the appeal would have been successful or futile. With regard to the failure of defense counsel to follow and comply with a criminal defendant's request or instruction to file a notice of direct appeal, the likelihood of success on appeal is not a factor in determining whether a defendant has received ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Carrion v. United States*, 107 Fed. Appx. 545, 546-47 (6th Cir. Aug. 17, 2004); *Cummings v. United States*, 84 Fed. Appx. 603, 605 (6th Cir. Dec. 15, 2003); *Johnson v. United States*, 181 F.3d 101 (Table, text in 1999 WL 357831, * 2 (6th Cir. May 24, 1999)); *Gardner v. United States*, 178 F.3d 1294 (Table, text in 1999 WL 232693, * 3 (6th Cir. April 15, 1999)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Lowdermilk v. United* States, 2005 WL 3560640, ** 4-5 (E.D. Tenn. Dec. 28, 2005).

This line of precedent does not afford any relief to Garner in the instant 28 U.S.C. § 2255 proceeding. This Court finds that Garner did not timely request or instruct any of his three attorneys to file a direct appeal. In making this determination, the Court accepts and relies on the affidavits of Garner's attorneys. *See Cummings*, 84 Fed. Appx. at 605 (District Court does not commit clear error by crediting defense counsel's affidavit stating that defendant had not asked counsel to file appeal); *Odom v. United States*, 229 F.3d 1153 (Table, text in 2000 WL 1175598, * 3 (6th Cir. 2000)) (It is not clearly erroneous for District Court to rely on affidavit by defense counsel stating that defendant never requested his counsel to file appeal); *Houston*,

2006 WL 13213, at ** 2-3; *Robinson v. United States*, 2005 WL 2417045, ** 3-4 (E.D. Tenn. Sept. 30, 2005); *cf. Cross v. United States*, 73 Fed. Appx. 864, 865 (6th Cir. Sept. 8, 2003) (District Court's findings crediting defense counsel's testimony that defendant did not request counsel to file notice of appeal were not clearly erroneous). In sum, the Court concludes that Garner fails to make out a Sixth Amendment claim of ineffective assistance of counsel.

## VI.     CONCLUSION

Accordingly, Garner's motion for post-conviction relief under 28 U.S.C. § 2255 will be **DENIED and DISMISSED WITH PREJUDICE.** Any appeal of this decision by Garner would be frivolous and not taken in good faith. If Garner should file a notice of appeal from this decision, the Court will treat it as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c) because Garner has not made a substantial showing of the denial of a right protected under the United States Constitution.

A separate judgment will enter.

SO ORDERED.

ENTERED this 5th day of September, 2006.

　　　　　　　　　　　　　　　　　　 */s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE